IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01260–KMT–BNB

RICHARD STIENMIER, as personal representative of the estate of Saundra Stienmier,

    Plaintiff,

v.

DAN SCHOFIELD,
KARL DOENGES,
HON. MICHAEL B. DONLEY, Secretary of the Air Force, and
DEPARTMENT OF THE AIR FORCE,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion for Leave to Amend Complaint" (Doc. No. 26, filed December 11, 2009).

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

Plaintiff seeks to amend the complaint to (1) dismiss all defendants other than the Honorable Michael B. Donley, Secretary of the Air Force; (2) dismiss all claims other than the claim for age and sex discrimination; and (3) clarify that the age and sex discrimination claim is brought under both Title VII and the ADEA.  (Doc. No. 26, ¶ 2.)  The deadline for amending pleadings was set at January 25, 2010.  (Doc. No. 29.)  Plaintiff's motion was, therefore, timely filed.  Further, the case is in the early stages of litigation.

Defendants have not filed responses opposing the motion.  There has been no showing of, and the court does not find, undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

**ORDERED** that Plaintiff's "Motion for Leave to Amend Complaint" (Doc. No. 26) is GRANTED.  The "Amended Complaint and Demand for Trial by Jury" (Doc. No. 27) is accepted and shall be the operative complaint.  It is further

**ORDERED** that "Defendants' Motion to Dismiss" (Doc. No. 11) is DENIED as moot.

Dated this 5th day of January, 2010.

                                          **BY THE COURT:**

                                          Kathleen M. Tafoya
                                          United States Magistrate Judge