IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01260–KMT–BNB

RICHARD STIENMIER, as personal representative of the estate of Saundra Stienmier,

　　Plaintiff,

v.

HON. MICHAEL B. DONLEY, Secretary of the Air Force,

　　Defendant.

## ORDER

　　This matter is before the court on Defendant's "Motion to Stay Discovery Pending Disposition of Motion To Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 45, filed Apr. 6, 2010 [hereinafter "Mot."]). Plaintiff filed a Response on April 13, 2010 (Doc. No. 47, [hereinafter "Resp."]). Defendant filed a Reply on April 15, 2010 (Doc. No. 49 [hereinafter "Reply"]). The Motion is ripe for ruling.

　　Defendant seeks a stay of discovery until the court rules upon Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 44, filed Apr. 6, 2010 [hereinafter "Mot. to Dismiss"). (Mot. at 1.) Plaintiff objects to the relief sought. (*See* Resp.)

　　A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). The power to stay proceedings is incidental to the power inherent in every

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (unpublished). Thus, stays of the normal proceedings of a court matter should be the exception rather than the rule. However, this court has specifically found that subjecting a party to discovery when a motion to dismiss based on a jurisdictional defense is pending constitutes an undue burden or expense if the motion to dismiss is later granted. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished) (defense of lack of personal jurisdiction).

When considering a stay of discovery, the court may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright, et al., Federal Practice and Procedure § 2040, at 521-22 (2d ed. 1994); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved").

In weighing the factors for determination of the propriety of a stay, the court finds that a stay is appropriate here. First, while Plaintiff objects to the Motion as an attempt to stall the previously agreed-upon discovery schedule, and he is otherwise ordinarily entitled to the expeditious disposition of his case, the court notes that Plaintiff does not identify any particular prejudice or burden that a stay of discovery would cast upon him. Moreover, should the court deny Defendant's Motion, the stay would be lifted and Plaintiff will thereafter be able to conduct necessary discovery.

Second, while the ordinary burdens associated with litigating a case do not constitute an undue burden, courts have routinely recognized that a stay of discovery may be appropriate where the court's jurisdiction is at issue. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC,* 2007 WL 4165397, at *2 (D.C. Cir. Nov. 27, 2007) (unpublished) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation). Exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII suit in federal court. *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1407 (10th Cir. 1997). In his Motion to Dismiss, Defendant sets forth more than conclusory assertions as to why jurisdiction is lacking; he has made detailed factual allegations, supported by legal analysis, that Plaintiff failed to exhaust administrative remedies. (*See* Mot. to Dismiss.) In such a circumstance, the court determines that the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously.

The court also considers its own convenience, the interest of non-parties, and the public interest in general. None of these factors prompt the court to reach a different result. In fact, the

court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of the suit" when, as here, a dispositive motion is pending. *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources'") (citations omitted). Finally, the parties have not asserted, and the court otherwise does not find, any compelling nonparty or public interests that would be affected if a stay were granted.

Accordingly, balancing the five factors considered above, the court finds that a stay of proceedings is appropriate until this court rules on Defendant's "Motion To Dismiss for Lack of Subject Matter Jurisdiction."

Although the court concludes that a stay of discovery is generally warranted, Plaintiff also maintains that discovery should at least be permitted as to Saundra Steinmier's Equal Opportunity ("EO") and personnel files for purposes of addressing whether administrative remedies have been exhausted. (Resp. at 4.) Although it is not entirely clear why discovery is needed from *Defendant* to determine whether *Plaintiff's* administrative remedies have been exhausted, Defendant has offered to allow Plaintiff's counsel to review Ms. Stienmier's EO files for purposes of responding to Defendant's Motion to Dismiss. (Resp. at 3.) However, because Defendant thinks it is unreasonable to believe that Ms. Stienmier's Official Personnel File contains any documents relevant to the issue of exhaustion, Defendant has not offered to make available that file for Plaintiff's review. (*Id.*) The court finds that the best course of action is for

4

Defendant to permit Plaintiff's counsel to review Ms. Stienmier's EO records *and* any documents from Ms. Stienmier's Official Personnel File that are relevant to the issue of whether Ms. Stienmier exhausted her administrative remedies.

Therefore, it is

**ORDERED** that Defendant's "Motion to Stay Discovery Pending Disposition of Motion To Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 45) is **GRANTED in part and DENIED in part**. Defendant is **ORDERED** to permit Plaintiff to review Ms. Stienmier's Equal Opportunity file as well as any documents from Ms. Stienmier's Official Personnel File that are relevant to the issue of Plaintiff's exhaustion of administrative remedies. Such review shall take place no later than April 27, 2010. Plaintiff shall file his response to Defendant's Motion to Dismiss no later than May 4, 2010.

The Motion to Stay Discovery is granted insofar as all other discovery is **STAYED** until the court rules on Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 44).

Dated this 20th day of April, 2010.

                                        **BY THE COURT:**

                                        Kathleen M. Tafoya
                                        United States Magistrate Judge