IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01260–KMT–BNB

RICHARD STIENMIER, as personal representative of the estate of Saundra Stienmier,

    Plaintiff,

v.

HON. MICHAEL B. DONLEY, Secretary of the Air Force,

    Defendant.

---

# ORDER

---

This case involves claims for age and sex discrimination, in violation of the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964. (*See* Doc. No. 27 [Amend. Compl.].) The matter is before the court on "Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 44 [Mot.]) and Plaintiff's Response (Doc. No. 51 [Resp.]).

**STATEMENT OF THE CASE**

This suit arises out of Saundra Stienmier's[1] termination as manager of the Peterson Air Force Base Aero Club in Colorado Springs, Colorado. (Mot. at 1; Resp. at 2.) In June or July of

---

[1] Ms. Stienmier filed suit on May 29, 2009. (Doc. No. 1.) On September 17, 2009, she unexpectedly passed away. (Doc. No. 14.) Her husband, Richard Stienmier, was substituted as Plaintiff on December 17, 2009. (Doc. No. 35.) To avoid confusion when discussing factual background as opposed to arguments in the briefing, the court will continue to refer to Plaintiff as Ms. Stienmier.

2006, Ms. Stienmier received a letter of reprimand. (*See* Mot. Ex. A1 [Lowe Decl.] at ¶ 4 & Ex. 1.)[2] She filed a formal administrative complaint regarding this letter with Hazel Lowe, the Equal Opportunity (EO) Specialist at Peterson, on November 8, 2006. (*Id.* at ¶ 5.) In the administrative complaint she claimed discrimination on the basis of age and sex arising out of a 2005 poor performance review and the 2006 reprimand letter. (*See id.* Ex. 1.)

In January 2007, the Air Force issued a Notice of Partial Acceptance, indicating that it accepted for review Ms. Stienmier's claim concerning the letter of reprimand, but rejected as untimely the claim arising out of the 2005 performance review. (*Id.* Ex. 2.) The Air Force conducted an investigation of the letter of reprimand claim and, upon receipt of the investigative file in July 2007, Ms. Stienmier requested that the Equal Employment Opportunity Commission (EEOC) hold a hearing on her complaint. (*See id.* Exs. 2 & 3.)

Meanwhile, on July 13, 2007, Ms. Stienmier was placed on a Performance Improvement Plan (PIP). (Resp. at 5.) On October 3, 2007, she received a Notice of Proposed Removal and on October 25, 2007, she received a Revised Notice of Proposed Removal. (*Id.*)[3] Defendant claims that a notice of removal, effective November 9, 2007, was sent to Ms. Stienmier via Federal Express and that the Air Force last paid Ms. Stienmier on November 23, 2007. (Mot.

---

[2] In her declaration, Ms. Lowe indicates that an unsigned letter of reprimand was hand-delivered to Ms. Stienmier on June 29, 2006. (Lowe Decl. at ¶ 4.) However, in the attachment to her administrative complaint, Ms. Stienmier states that she received a letter, dated April 26, 2006, on July 29, 2006 and it was signed by an officer in HR. (Lowe Decl. Ex. 1.) The letter was not provided for the court's review, however these discrepancies are not dispositive of any issues before the court.

[3] Although neither party attaches evidence of the PIP or the removal notices, Defendant does not dispute that Ms. Stienmier was placed on a PIP and issued these notices of removal on the dates she alleges.

Ex. A2 [Isbell Decl.] at ¶¶ 5-6.) Ms. Stienmier alleges that she did not receive actual notice of her termination until May 20, 2009. (Amend. Compl. at ¶ 43.) In October or November 2007 and again in April 2008, Ms. Stienmier sought to supplement her administrative complaint with a claim relating to the proposed removal. (*See* Lowe Decl. at ¶ 9; Resp. at 2.)[4]

The EEOC determined that it could resolve the original complaint on summary judgment without a hearing. (*See* Lowe Decl. Ex. 6 (Administrative Judge's statement of findings and conclusions, chronicling correspondence with the parties regarding whether a hearing was necessary).) On November 19, 2008, the EEOC Administrative Judge (AJ) issued a decision on the merits of Ms. Stienmier's complaint concerning the letter of reprimand, finding that Ms. Stienmier had not established that the Air Force discriminated against her as alleged. (*Id.*) On April 27, 2009, the Air Force issued its Final Order adopting the AJ's decision. (*Id.* Ex. 7.)

## PROCEDURAL HISTORY

On January 5, 2010, the court granted Ms. Stienmier leave to file an amended complaint, which includes allegations relating to Ms. Stienmier's termination. (*See* Doc. No. 36; Amend. Compl. at ¶¶ 55-66.) On April 6, 2010, Defendant filed his Motion to Dismiss. Ms. Stienmier

---

[4] Ms. Lowe declares that Ms. Stienmier sought to supplement her discrimination complaint by letter to Ms. Lowe dated October 29, 2007. (Lowe Decl. at ¶ 9.) Although she purports to attach this letter as Exhibit 4 to her declaration, there is no Exhibit 4. Rather, Exhibit 5 is attached two times. Meanwhile, in her response, Ms. Stienmier claims that she filed a supplement to her complaint on November 5, 2007 (*see* Resp. at 2) although the document she attaches as evidence of this, appears to be dated October 9, 2007 (*see id.* Ex. 1). November 5, 2007 is actually the date of a letter sent by counsel for Ms. Stienmier to various Air Force representatives regarding Ms. Stienmier's response to the proposed notices of removal and her filing of a supplemental charge of discrimination. Given the inconsistencies in many dates provided by the parties, it is unclear whether this is different from the October 29, 2007 letter to which Ms. Lowe refers in her declaration. Again, these discrepancies are not dispositive of any issues before the court.

filed a response on May 4, 2010. Defendant did not reply. Discovery has been stayed pending a ruling on the Motion to Dismiss. (Doc. No. 50.) The matter is ripe for adjudication.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* (citations omitted). When a defendant attacks the facts upon which subject matter jurisdiction is based, the court may review materials outside the pleadings without converting a Rule 12(b)(1) motion to dismiss into a motion for summary judgment. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Accordingly, Ms. Stienmier in this case bears the burden of establishing that this court has jurisdiction to hear her claims.

Exhaustion of administrative remedies is a prerequisite to suit under both Title VII and the ADEA. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). "It is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit." *Id.* The ADEA's exhaustion requirement is also clear. *Id.* Unlike other

4

circuits, the Tenth Circuit has held that "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit [ ]—not merely a condition precedent to suit." *Id.* Thus, failure to exhaust renders the court without jurisdiction.

In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110-13 (2002), the Supreme Court held that each discrete incident of discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted. A plaintiff may not file suit on discrete discriminatory acts for which no administrative remedy has been sought, even if the acts are related to acts alleged in a timely filed administrative complaint. *Id.* at 113. The Tenth Circuit has applied this exhaustion requirement to discrete acts occurring prior to the filing of an administrative complaint, as well as to acts occurring after the filing of the administrative complaint. *See Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003).

## ANALYSIS

Defendant moves to dismiss on the ground that Ms. Stienmier failed to exhaust administrative remedies with regard to her wrongful termination claim or any other allegation which she makes in her Amended Complaint. (Mot. at 2.) Although Ms. Stienmier filed an administrative complaint regarding the 2006 letter of reprimand, Defendant argues that she must file a separate claim as to each act of discrimination alleged. (*Id.* at 7.) Because Ms. Stienmier did not file a separate administrative complaint concerning her termination, Defendant contends that she failed to exhaust administrative remedies and, therefore, the court lacks subject matter jurisdiction over the claim. (*Id.* at 8.)

Ms. Stienmier responds that she twice attempted to supplement her complaint concerning the notices of proposed removal and brought her additional claims to the attention of EO Specialist Hazel Lowe. (Resp. at 2-3.) She points to the regulatory scheme for Title VII and the ADEA, arguing that the processing of a claim of discrimination by a qualifying federal employee remains under the auspices of the agency until the process is resolved, either by final agency decision or by the lapse of an appropriate period of time. (*Id.* at 8 (citing 29 C.F.R. §§ 1614.110 & 1614.407).) Moreover, Ms. Stienmier notes that 29 C.F.R. § 1614.106(d) allows a party to amend her administrative complaint. (*Id.*) She contends that this is exactly what she did but the Air Force failed to investigate these additional claims. (*Id.* at 8, 10.) According to Ms. Stienmier, the fact that "more than six months passed without any action taken by Air Force, entitles [her] to bring this action in this Court." (*Id.* at 3.)

Ms. Stienmier did not exhaust administrative remedies as required by *Morgan* with regard to the claims she brings in this lawsuit. She filed a formal administrative complaint in November 2006. (Lowe Decl. Ex. 1.) In it Ms. Stienmier complained of discrimination on the basis of age and sex arising out of a 2005 poor performance review and a 2006 letter of reprimand. (*Id.*) In this lawsuit, in contrast, Ms. Stienmier brings claims for age and sex discrimination arising out of her termination. (Amend. Compl. at 12-13.) Termination is a discrete employment action that must be independently exhausted. *See Morgan*, 536 U.S. at 114

("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify."). Ms. Stienmier did not file a separate charge relating to her termination.[5]

Ms. Stienmier's argument that she attempted to supplement her complaint concerning the notices of proposed removal, but the Air Force failed to take any action, is to no avail. Although she maintains that she properly asserted claims relating to her termination, making it incumbent on the Air Force to conduct an investigation within a specified time frame, Ms. Stienmier has not established that she properly asserted those claims in accordance 29 C.F.R. § 1614.106(d).

Under 29 C.F.R. § 1614.106(d),

> a complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint. After requesting a hearing, a complainant may file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint.

29 C.F.R. 1614.106(d). There is no evidence that Ms. Stienmier attempted to amend her complaint prior to the conclusion of the investigation or before requesting a hearing. It appears that the Air Force had concluded its investigation by July 5, 2007, when it sent Ms. Stienmier a copy of its Investigative Report, the investigative file and a notice of rights, including the right to request a hearing before an AJ. (Lowe Decl. Ex. 3.) On July 24, 2007, Ms. Stienmier requested a hearing. (*Id.*) The documents by which Ms. Stienmier now claims to have supplemented her

---

[5] Ms. Stienmier insists that the complaint of discrimination dated October 9, 2007, which she attaches as Exhibit 1 to her response, supplemented her November 2006 administrative complaint in accordance with 29 C.F.R. § 1614.106(d). She does not argue that it was a new complaint which started the administrative process anew. Indeed, the attachment to the October 2007 complaint begins, "Saundra Stienmier hereby supplements her Charge of Discrimination as follows . . ." and counsel's November 5, 2007 letter to various Air Force representatives, advises that Ms. Stienmier had filed a "supplemental charge of discrimination." (Resp. Ex. 1 & Ex. 2.)

7

complaint post-date her request for a hearing. Ms. Stienmier asserts that she filed a supplement to her complaint on November 5, 2007. (*See* Resp. at 2.)[6] In her declaration, Ms. Lowe acknowledges that Ms. Stienmier sent her a letter seeking to supplement her complaint but Ms. Lowe advised her that, because she had already requested a hearing, Ms. Stienmier must ask the EEOC to add the additional claims to the complaint. (*See* Lowe Decl. at ¶ 9.) On April 23, 2008, Ms. Stienmier sent a letter, addressed "To Whom it May Concern" at the EEOC, requesting that she be permitted to amend her charge of discrimination to include charges that the Air Force had ceased paying Ms. Stienmier and had hired a "less qualified, younger male" to replace Ms. Stienmier without providing her notice of her termination. (*Id.* Ex. 5.)

Pursuant to 29 C.F.R. § 1614.106(d), after requesting a hearing, Ms. Stienmier needed to file a motion with the AJ to amend a complaint. There is no evidence that she ever filed such a motion and no evidence that the April 23, 2008 letter was treated as a motion or ruled on by the AJ. In fact, the AJ's decision, issued November 19, 2008, specifically states that the only issue it addresses is whether the Air Force discriminated against Ms. Stienmier when she received the 2006 letter of reprimand. (*Id.* Ex. 6.)

The burden is on Ms. Stienmier to establish that this court has jurisdiction to hear her claims. In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit. Ms. Stienmier has not shown that she exhausted administrative remedies with regard to any allegations involving her termination as manager of the Peterson Air Force

---

[6] *See supra* note 4.

Base Aero Club.  Nor has she established that she properly amended her administrative complaint in accordance with 29 C.F.R. § 1614.106(d).  Accordingly, the court finds that it lacks jurisdiction to hear this matter and Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 44) is GRANTED.

Dated this 6th day of October, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge